UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:14-cr-84 |
| v. | ) | |
| | ) | Judge Mattice |
| GERARDO PINEDA | ) | Magistrate Judge Carter |

## ORDER

On February 11, 2015, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 43) pursuant to 28 U.S.C. § 636(b)(1). After an evidentiary hearing and the submission of post hearing briefs (*see* Docs. 41, 42), Magistrate Judge Carter recommended that Defendant's Motion to Suppress (*see* Doc. 17) be denied. Specifically, Magistrate Judge Carter found that: (1) the officers had probable cause to arrest Defendant; (2) the officers did not search the vehicle prior to an alert from a drug dog; and (3) the alert of a properly trained drug dog established probable cause for the search. In so finding, Magistrate Judge Carter credited the testimony of the officers, and concluded that Defendant's witness, Rodney McPherson, "was mistaken as to the timing of the events." (Doc. 43 at 10-11). Based on these findings, Magistrate Judge Carter concluded that the search of Defendant's vehicle did not violate the Fourth Amendment, and that suppression of the fruits of that search is not warranted.

Defendant has now filed objections to Magistrate Judge Lee's Report and Recommendation. (Doc. 44). These objections focus solely on Magistrate Judge Carter's credibility determinations regarding the allegedly conflicting testimony from and among various witnesses. (*Id.*; *see also* Doc. 41). Specifically, Defendant argues that the Court erred in concluding that McPherson must be mistaken regarding his

observations as to when the officers commenced the search of the vehicle because his testimony differed with that of the officers as to several points, given that "the officers themselves differed on several points, not only with each other, but on occasion contradicting their own testimony." (Doc. 44 at 2-4). Defendant argues that Magistrate Judge Carter's rationale for discrediting McPherson's testimony applies equally to discredit the testimony of the officers in this case. (*Id.*). The Government has now filed a Response to Defendant's objections, and this matter is ripe for the Court's consideration. (Doc. 45).

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

The Court's *de novo* review of the portions of the R&R to which Defendant specifically objects results in the same conclusions reached by the magistrate judge. The Court notes that Defendant's objections exclusively focus on Magistrate Judge Carter's credibility determinations. This Court has previously noted that there is

> substantial body of law which recognizes the deference owed to the credibility determinations of magistrate judges or, for that matter, of any primary finder of facts. See, e.g., *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999) (A magistrate judge's credibility determination is entitled to "great deference."); *United States v. Carmack*, 426 F. App'x 378, 380–81 (6th Cir. 2011) (Findings of fact based on determinations of credibility are entitled to great deference because "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."); *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002) (The Court found "no reason to substitute [its] judgment for the credibility determination of the magistrate judge who had the opportunity to observe [the witness]'s testimony and assess his demeanor on the witness stand.");

2

> *Peeler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001) (Assessing a magistrate judge's credibility determination and stating: "We are generally reluctant to set aside credibility determinations made by the trier of fact, who has had the opportunity to view the witness on the stand and assess his demeanor."); *United States v. Cooke*, 915 F.2d 250, 252 (6th Cir. 1990) ("[T]he party attacking the judicial officer's credibility determination must do more than just allege that the parties told conflicting stories. An effort must be made to demonstrate why the trial court's conclusion is clearly erroneous. On appeal all we have is the cold record, and we accord considerable deference to the credibility findings of the trial court.")

*United States v. Pule*, 2013 WL 30219, at *2 (E.D. Tenn. Jan. 2, 2013).

Here, Defendant's objections do no more than point to conflicting stories testified to by the various witnesses at the evidentiary hearing. Defendant is correct that there are inconsistencies and discrepancies in the officers' testimony, as well as McPherson's testimony. Nonetheless, Magistrate Judge Carter, after having heard the testimony of all of the witnesses, and having had the opportunity to observe the witnesses on the stand and assess their demeanor, credited the testimony of the officers over that of McPherson. Having reviewed the record, the Court is unable to find any basis upon which to set aside Magistrate Judge Carter's credibility determinations. The fact that McPherson was an "unbiased" and uninterested witness to the search – an argument that was presented to and rejected by Magistrate Judge Carter – is simply not a sufficient reason to reject the credibility determinations made by the finder of fact. The Court thus overrules Defendant's objections to Magistrate Judge Carter's credibility determinations.

Defendant has not raised any objections to Magistrate Judge Carter's conclusions of law based on these factual findings. The Court finds no error in these conclusions, and finds that there is no reason to elaborate on the well-reasoned and thorough

3

analysis contained in the Report and Recommendation, which the Court will **ACCEPT** and **ADOPT BY REFERENCE** as its own.

Accordingly, Defendant's Objections (Doc. 44) are **OVERRULED**; (2) Magistrate Judge Carter's Report and Recommendation (Doc. 45) is **ACCEPTED** and **ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 17) is **DENIED**.

**SO ORDERED** this 8th day of April, 2015.

/s/ Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE