# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| GERARDO PINEDA, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Nos.: 1:14-CR-084-HSM-CHS-1 |
| | ) 1:16-CV-356-HSM |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM & OPINION

Now before the Court is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 69[1]], motion copies of transcripts without payment [Doc. 66], motion for status update [Doc. 70], motion for evidentiary hearing [Doc. 80], supplement to the § 2255 motion [Doc. 83] and motion for final disposition [Doc.84]. Respondent filed a response in opposition to the § 2255 motion [Doc. 72]. After reviewing the relevant parts of the record, the Court finds that an evidentiary hearing is not warranted. Rules Governing Section 2254 and 2255 Cases, Rule 8. Accordingly, Petitioner's motion for evidentiary hearing [Doc. 80] will be **DENIED**. Also, for the reasons set forth below, the Court finds that Petitioner's claims for relief under § 2255 are time-barred or without merit. As such, Petitioner's motions for relief under § 2255 [Docs. 69 and 83] will be **DENIED** and Petitioner's remaining motions [Docs. 66, 70 and 84] will be **DENIED as moot**.

---

[1] All citations to the record are to the criminal case.

## I. BACKGROUND

On November 19, 2013, officers responded to a call regarding a missing girl and found Petitioner in his car [Doc. 49 p. 2]. When the officers approached him, Petitioner gave them a false identification card and name [*Id.*]. A K-9 officer subsequently conducted an exterior sniff of Petitioner's vehicle and alerted [*Id.* at 4]. Officers then searched Petitioner's car and found approximately 10.6 grams of methamphetamine [*Id.*]. On July 22, 2014, a grand jury indicted Petitioner for possession with intent to distribute five grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) [Doc. 1 p. 1].

On September 18, 2014, Petitioner's counsel filed a motion to suppress the evidence officers obtained during their search of Petitioner's car [Doc. 17]. On November 18, 2014, and December 1, 2014, Magistrate Judge Carter held evidentiary hearings on the motion to suppress during which witnesses presented varying testimony regarding the sequence of events surrounding the officers' search of Petitioner's car [Doc. 37; Doc. 40; Doc. 43 p. 2–6 (summarizing relevant facts from the two evidentiary hearings)].

On February 11, 2015, Magistrate Judge Carter filed his Report and Recommendations recommending that the Court deny Petitioner's motion to suppress [Doc. 43]. In his Report and Recommendations, Magistrate Judge Carter stated that the officers' testimony at the evidentiary hearing regarding the sequence of events surrounding the officers' search of Petitioner's car was more credible than that of witness Rodney McPherson [*Id.* at 10–11]. Magistrate Judge Carter specifically concluded that although Mr. McPherson's testimony that officers searched Petitioner's car before the officers' K-9 dog alerted, if true, would establish that officers lacked probable cause

for that search, the many inconsistencies in Mr. McPherson's testimony indicated that he was mistaken [*Id.*]. Magistrate Judge Carter therefore recommended that the Court deny Petitioner's motion to suppress [*Id.* at 12].

Petitioner's counsel filed a notice of objections to Magistrate Judge Carter's Report and Recommendations in which she argued that the officers' testimony regarding the sequence of events surrounding the search also had inconsistencies, the testimony of Mr. McPherson was credible and unbiased, the search of Petitioner's car was unconstitutional, and the evidence seized therein should be suppressed [Doc. 44 p. 4].

This Court, however, noted the "substantial body of law which recognizes the deference owed to credibility determinations of magistrate judges or, for that matter, of any primary finder of facts," and found that Petitioner had not set forth any basis for the Court to set aside Magistrate Judge Carter's determinations regarding credibility [Doc. 46 p. 3–4]. Accordingly, on April 8, 2015, the Court entered an order accepting and adopting Magistrate Judge Carter's Report and Recommendations, overruling Petitioner's objections thereto, and denying the motion to suppress [*Id.*].

Approximately twenty-one days later, on April 29, 2015, Petitioner signed a plea agreement in which he admitted to conspiracy to manufacture and distribute five grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) [Doc. 49 p. 1, 9]. The plea agreement provided that the punishment for the offense was a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment, among other things [*Id.* at 1]. In his plea agreement, Petitioner admitted to a 2007 conviction for trafficking [*Id.* at 4].

After a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 22 [Doc. 152 ¶¶ 28, 29, 25–37]. In accordance with the plea agreement, the mandatory minimum sentence for Petitioner was ten years [Doc. 57 p 12]. Accordingly, on August 23, 2015, the Court entered a judgment against Petitioner for one-hundred and twenty months' imprisonment, among other things [Doc. 61]. On October 24, 2016, Petitioner filed the instant § 2255 motion in which he sets forth two claims for ineffective assistance of counsel [Doc. 69]. Also, on September 27, 2018, Petitioner filed a supplement to his § 2255 motion setting forth claim(s) that his sentence is unconstitutional under the Supreme Court opinions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (and subsequent cases related thereto) and/or *Apprendi v. New Jersey*, 530 U.S. 466 (2000) [Doc. 83].

**II.    STANDARD OF REVIEW**

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

A § 2255 motion must set forth facts which entitle the petitioner to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961) (providing that "conclusions, not supported by allegations of fact with some probability of verity, are not sufficient to warrant a hearing"). Further, a § 2255 petitioner has the burden of proving

that he is entitled to relief under § 2255 by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. TIME-BARRED ARGUMENTS

As an initial matter, Petitioner's claims in his supplement to the § 2255 motion [Doc. 83] are untimely. As set forth above, in this supplement, filed September 27, 2018, Petitioner asserts that he is entitled to relief under the Supreme Court opinions in *Johnson* and/or *Apprendi* [*Id.*].

First, § 2255(f)(3) places a one-year period of limitation on all § 2255 motions running from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Claims under *Johnson*, which announced a new "substantive rule that has retroactive effect in cases on collateral review," *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), fall within § 2255(f)(3). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016. Petitioner, however, did not file his *Johnson* claim until September 27, 2018 [Doc. 83 p. 6], more than two years outside of the one-year window. As such, this claim is untimely.

Further, to the extent Petitioner asserts a separate claim for relief under *Apprendi*, that claim is likewise time-barred. *Apprendi*, which the Supreme Court decided June 26, 2000, was well-established law on August 23, 2015, the date on which the Court entered its judgment against Petitioner [Doc. 61]. Accordingly, under 28 U.S.C. § 2255(f)(1), Petitioner would have had to assert any claim relying on this case within one year of the Court sentencing him, specifically by

5

August 26, 2016. Petitioner, however, did not file this claim until September 27, 2018 [Doc. 83 p. 6]. As such, this claim is also untimely.

## IV. ANALYSIS

As set forth above, Petitioner's remaining claims from his original § 2255 motion arise out of allegations of ineffective assistance of counsel [Doc. 69 p. 4].

### A. Legal Standard

The Sixth Amendment provides, in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. As with all claims under § 2255, Petitioner has the burden of proving ineffective assistance of counsel. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from

counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Where a petitioner pleaded guilty, he must show that, but for counsel's deficient performance, he would not have pleaded guilty to establish prejudice. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). To demonstrate a reasonable probability that he would have gone to trial, the petitioner must present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *Id.* at 59.

The Supreme Court has emphasized that a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Strickland*, 466 U.S. at 69.

### B. Failure to Appeal and Investigate

First, Petitioner asserts that counsel did not file an appeal of the Court's denial of his motion to suppress despite filing objections to Magistrate Judge Carter's Report and Recommendations and did not advise Petitioner regarding his right to appeal the denial of the motion to suppress [Doc. 69 p. 4].[2] Petitioner, however, has not set forth any evidence that he was prejudiced by this

---

[2] In its response, Respondent assumes that Petitioner alleges that counsel should have informed him about his appellate rights regarding the denial of the suppression motion after he had entered his plea agreement [Doc. 72 p. 4–6]. The Court does not read Petitioner's allegations regarding this claim [Doc. 69 p. 4] so narrowly, however. Further, Rule 4(b)(1)(A) of the Federal Rules of Criminal Procedure provides that a criminal defendant must file a notice of appeal within fourteen days after entry of the judgment or order being appealed. As Petitioner did not sign his plea agreement until twenty-one days after the Court entered its order denying the suppression

allegedly deficient assistance. Had Petitioner appealed this decision to the United States Court of Appeals for the Sixth Circuit, the Sixth Circuit likewise would have afforded great deference to Magistrate Judge Carter's findings regarding the credibility of the witnesses, *United States v. Navarro-Camacho*, 186 F.3d 701, 707 (6th Cir. 1999), and Petitioner sets forth no evidence to support his implied assertion that those credibility assertions should be set aside.

Petitioner does assert, however, that counsel failed to adequately investigate the evidence and facts surrounding the testimony of law enforcement witnesses and Mr. McPherson even though "cameras were available to assist" her with such an investigation [*Id.*]. Even if the Court liberally construes this assertion to allege that counsel was ineffective for not investigating cameras at the scene that may have corroborated the testimony of Mr. McPherson and therefore established that officers lacked probable cause to search Petitioner's car, Petitioner does not state the location or ownership of any such cameras, nor does he set forth any other specific allegations of verifiable fact that would support this assertion. Accordingly, this claim is speculative and/or conclusory and Petitioner has not met his burden to establish that he is entitled to relief under § 2255.

V.     **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), the Court must now determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district

---

order [Doc. 56], any notice of appeal filed after Petitioner signed the plea agreement would have been untimely. Moreover, as Petitioner signed a plea agreement that did not preserve his right to appeal the Court's denial of the motion to suppress, he waived his right to raise any claims arising out of the pre-plea ruling denying his motion to suppress. *See*, *e.g.*, *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003). Thus, counsel could not have been deficient for not advising Petitioner regarding any appeal of the denial of the suppression motion after Petitioner entered the plea agreement.

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). After reviewing Petitioner's claims for ineffective assistance of counsel, the Court finds that reasonable jurists could not conclude that they deserve further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not find the Court's assessment of these claims debatable or wrong. Further, as to Petitioner's claims in his supplement to the § 1983 motion [Doc. 83], as the Court dismissed these on procedural grounds without reaching the merits thereof and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability **SHALL NOT ISSUE**.

## VI. CONCLUSION

For the reasons set forth above:

1. Petitioner's motion for evidentiary hearing [Doc. 80] will be **DENIED**;

2. Petitioner's motions for relief under § 2255 [Docs. 69 and 83] will be **DENIED**;

3. Petitioner's remaining motions [Docs. 66, 70 and 84] will be **DENIED as moot**.

4. A COA **SHALL NOT ISSUE**; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ISSUE.**

**E N T E R :**

 */s/ Harry S. Mattice, Jr.*
 HARRY S. MATTICE, JR.
 UNITED STATES DISTRICT JUDGE